UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
MITCHELL H. COHEN U.S. COURTHOUSE
401 Market Street
P.O. BOX 2067
CAMDEN, NJ 08101-2067

FILED
JAMES J. WALDRON, CLERK
SEP - 3 2015
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

Andrew B. Altenburg, Jr.                                                                                                      (856) 361-2320
U.S. BANKRUPTCY JUDGE

September 3, 2015

Daniel L. Reinganum, Esquire          Richard S. Hoffman, Jr., Esquire     Seymour Wasserstrum, Esquire
John W. Hargrave & Associates       Hoffman DiMuzio                              Law Offices of Seymour Wasserstrum
117 Clements Bridge Road               412 Swedesboro Road                       205 West Landis Avenue
Barrington, NJ 08007                         Mullica Hill, NJ 08062                          Vineland, NJ 08360

Isabel C. Balboa
Chapter 13 Standing Trustee
Cherry Hill Corporate Center
535 Route 38, Suite 580
Cherry Hill, NJ 08002

RE:  In re Raymond J. Spraggins, Jr.; Bankr. Case No. 13-28807-ABA
        In re Kathy G. Cheatham; Bankr. Case No. 14-29130-ABA
        In re Kathy A. Prendergast; Bankr. Case No. 14-35351-ABA

## MEMORANDUM DECISION

Dear Ms. Balboa and Messrs. Reinganum, Hoffman, and Wasserstrum:

The following constitutes the court's findings of facts and conclusions of law.

These matters were originally brought before the court on August 26, 2015 through responses/objections to Notice of Funds on Hand in Case Converted From Chapter 13 to Chapter 7 (the "Notice") filed by Isabel C. Balboa, the chapter 13 trustee (the "Standing Trustee"). Since the ultimate inquiry in these three cases is the same, the court will address these inquires in this single letter opinion.

### Relevant Facts

Before the court are three voluntarily converted chapter 13 to chapter 7 cases, two of which converted before a chapter 13 plan was confirmed and there was no fee award order; and in the other case, the chapter 13 plan was confirmed and attorneys' fees were ordered. Upon conversion chapter 7, the Standing Trustee was holding funds on hand which were originally to

be distributed in accordance with the Debtors' chapter 13 plan. Therefore, the Standing Trustee filed her Notice, all three which contained the language:

> Pursuant to *Harris v. Viegelahn*, 575 U.S. _ (2015) funds on hand in the amount of $[ ] representing wages or liquidation of post-petition assets shall be returned to the debtor.

Though their responses/objections to the Notice, Debtors' counsel request, consistent with prior practice, that the Standing Trustee pay all outstanding attorneys' fees and expenses from the funds on hand prior to the distribution of the balance of funds on hand to the Debtors.

### Conclusions of Law

The question presented is whether, in light of the Supreme Court's recent decision in *Harris v. Viegelahn*, 135 S.Ct. 1829 (2015), the Standing Trustee may, *after* conversion of a chapter 13 case to a chapter 7 case, pay claims, including court ordered fees, from Debtors' funds she has on hand. This court concludes, she cannot.

*Harris* speaks directly to this issue. The Supreme Court held that "under the governing provisions of the Bankruptcy Code, a debtor who converts [his or her chapter 13 case] to [a] chapter 7 [case] is entitled to return of *any* post-petition wages not yet distributed by a Chapter 13 trustee." *Id.* at 1835 (emphasis added). The Supreme Court ruled that:

> When a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway. § 103(i) ("Chapter 13 ... applies only in a case under [that] chapter."). Harris having converted the case, the Chapter 13 plan was no longer "bind[ing]." § 1327(a). And Viegelahn, by then the *former* Chapter 13 trustee, lacked authority to distribute "payment[s] in accordance with the plan." § 1326(a)(2); see § 348(e).

135 S.Ct. at 1838 (emphasis in original). Put differently, the Supreme Court held that no provisions of chapter 13 apply in a case converted to chapter 7. After conversion, a chapter 13 trustee becomes the *formerly* serving chapter 13 trustee in the case; her services as chapter 13 trustee are terminated, and her remaining responsibilities are not predicated on chapter 13. *Id.* Additionally, the Court held that the only exception permitted by the statute is in the case of a bad faith conversion, which is not implicated here. *Id.* at 1837 (*citing* 11 U.S.C. § 348(f)(2)).

It makes no difference as to the status of what unpaid claims may exist. As aptly put by the court in *In re Beauregard*, 533 B.R. 826 (Bankr. D.N.M. 2015), this court agrees that:

> Even though the question presented to the Supreme Court was whether Viegelahn could distribute accumulated wage payments to pre-petition creditors, *Harris*'s ruling is broad enough to encompass unpaid Chapter 13 administrative expenses such as debtor's unpaid attorneys' fees. *Harris* requires the return of "*any* post-petition wages not yet distributed by the Chapter 13 trustee." In view of *Harris*, we hold that funds held by the Standing Trustee in confirmed cases must be

returned to the debtor upon conversion and cannot be used to pay creditors or administrative claims, notwithstanding any provision of a confirmed plan.

*Id.* at 83 (internal citations omitted) (emphasis added). Furthermore, "the *Harris* decision means that if a Chapter 13 case is converted to Chapter 7 before plan confirmation, all funds held by the standing Chapter 13 trustee on conversion that are not property of the Chapter 7 estate must be returned to the debtor, without paying administrative expenses." *Id.* at *832.

Recently, the court in *In re Sowell*, No. BR 14-44130, 2015 WL 4718588, at *2 (Bankr. D. Minn. Aug. 7, 2015) concluded that "[w]hile the *Harris* case involved a debtor whose plan had been confirmed, this Court believes that the logic and analysis employed by the Supreme Court applies with equal force to a case, like this one, in which no plan has been confirmed." *Id.* The *Sowell* court also reasoned that *Harris* applies in a no look fee situation. This court is bound by *Harris*, is persuaded by the *Beauregard* and *Sowell* cases, and finds that *Harris* applies in any chapter 13 case, whether there is a confirmed plan or not, and to any unpaid attorneys' fees, whether allowed by order or pursuant to a no look fee. Upon conversion to a chapter 7 case, a debtor is entitled to return of *any* post-petition wages not yet distributed by the Standing Trustee.

Mr. Reinganum noted in his July 6, 2015 letter to this court that: "Prior to *Harris v. [Viegelahn]*, where a Chapter 13 case was converted to Chapter 7, the Chapter 13 Trustee would pay any outstanding attorneys [sic] fees prior to refunding money to the Debtors." (Doc. 55). The court understands that this was the longstanding practice in this District but "[a]ll that changed, though, when the Supreme Court handed down *Harris v. Viegelahn*." *Sowell*, 2015 WL 4718588, at *1 (recognizing that the District of Minnesota's longstanding practice of paying attorneys' fees from funds on hand is a prohibited practice after *Harris*); and *Beauregard*, 533 B.R. at 828 (recognizing that the prior practice in the District of New Mexico of paying a portion of the money a chapter 13 trustee holds in a case to creditors and administrative expense claimants, may after conversion is prohibited after *Harris*). Likewise, this court concludes that *Harris* prohibits this District's longstanding practice. Mr. Reinganum requests that this court nevertheless order payment of these outstanding attorneys' fees and costs pursuant to 11 U.S.C. § 105. (Doc. 51). However, section 105 cannot be used to side step the Supreme Court mandate.

## Conclusion

In conclusion, and absent bad faith, upon conversion of a chapter 13 case to a chapter 7 case, a debtor is entitled to return of any and all post-petition wages not yet distributed by the Standing Trustee.

Separate appropriate judgments have been entered consistent with this decision and are enclosed. As a result, appearances are not required on September 22, 2015.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Encl